UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAJ TASHOMBE,<br><br>        Plaintiff,<br><br>    v.<br><br>TRUIST BANK,<br><br>        Defendant. | Case No. 22-cv-00402-JSC<br><br>**ORDER TO SHOW CAUSE TO DEFENDANT AS TO WHY ACTION SHOULD NOT BE REMANDED** |

Defendant Truist Bank removed this action from the Small Claims Division of the Superior Court of California. Defendant invokes federal subject matter jurisdiction under 28 U.S.C. § 1331. The Court ORDERS Defendant to show cause as to why this case should not be remanded to the San Francisco Superior Court for lack of subject matter jurisdiction.

A defendant may remove an action from state court to federal court so long as the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of citizenship and an amount in controversy in excess of $75,000. Federal subject matter jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United States. A claim "arises under" federal law only if a "well-pleaded complaint" alleges a cause of action based on federal law—"an actual or anticipated defense" does not confer federal jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). The defendant seeking removal "bears the burden of establishing that removal is proper" and the "removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc*., 582 F.3d 1083, 1087 (9th Cir. 2009). Further, when a case is removed to federal court, the court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction. *Valdez v. Allstate Ins. Co*., 372 F.3d 1115, 1116 (9th Cir.

1   2004). A case removed to federal court must be remanded back to state court "if at any time before

2   final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. §

3   1447(c).

4       Here, Defendant bases removal on federal question jurisdiction. However, the removed

5   complaint makes only a state law claim for breach of contract. (Dkt. No. 1-1 at 4.) Defendant's

6   Notice of Removal contends that Plaintiff's claim "implicated 15 U.S.C. § 1681 et seq., the Fair

7   Credit Reporting Act (the "FCRA")—a federal statute" (Dkt. No. 1 at ¶ 7). Plaintiff's complaint,

8   however, makes no reference to the FCRA. Instead, the Notice of removal points to "Truist's

9   records" and contends that these records "demonstrate that Plaintiff called Truist in August of

10  2021 – just one month after the alleged breach of contract occurred – to dispute credit reporting

11  relating to his LightStream account." (*Id*. at ¶ 8.) The Notice of Removal also refers to Plaintiff's

12  subpoena requests as "implicat[ing] LightStream's credit reporting." (*Id.* at ¶ 9.)  The Notice of

13  Removal concludes that because "Plaintiff's claim appears to challenge Truist's credit reporting

14  Plaintiff's account, Plaintiff's claims fall under the purview of the FCRA." (*Id*. at ¶ 10.)

15      The "[w]ell-pleaded complaint" rule requires a federal question to be present on the face of

16  the complaint at the time of removal for federal question jurisdiction to exist. *Duncan v. Stuetzle*,

17  76 F.3d 1480, 1485 (9th Cir. 1996). Following removal, Defendant filed a motion for a more

18  definite statement which concedes that "[t]he only allegation in Plaintiff's Complaint is that Truist

19  committed a breach of contract in July of 2021." (Dkt. No. 5-1 at 3.) That Defendant believes

20  that the Plaintiff's claims might touch upon the FCRA is not sufficient to satisfy the "well-pleaded

21  complaint" rule. Defendant bears the burdens of demonstrating that removal is proper. *See*

22  *California ex rel. Lockyer v. Dynegy, Inc*., 375 F.3d 831, 838 (9th Cir. 2004). Federal jurisdiction

23  must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles,*

24  *Inc*., 980 F.2d 564, 566 (9th Cir. 1992).

25      Accordingly, Defendant is ORDERED TO SHOW CAUSE as to why this action should

26  not be remanded to the San Francisco Superior Court. Defendant shall show cause in writing by

27  February 22, 2022.

28      Briefing on Defendant's motion for a more definite statement is held in abeyance pending

disposition of this Order to Show Cause. (Dkt. No. 5.) Plaintiff is not required to respond to the motion. Because Plaintiff is not represented by counsel, he may wish to seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling 415-782-8982. At the Legal Help Center, Plaintiff will be able to speak with an attorney who may be able to provide free basic legal help but not representation.

**IT IS SO ORDERED.**

Dated:  February 7, 2002

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

3