UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAJ TASHOMBE,<br><br>            Plaintiff,<br><br>     v.<br><br>TRUIST BANK,<br><br>            Defendant. | Case No.  22-cv-00402-JSC<br><br>**ORDER REMANDING ACTION TO SAN FRANCISCO SUPERIOR COURT, SMALL CLAIMS DIVISION**<br><br>Re: Dkt. Nos. 8, 10 |

Defendant Truist Bank removed this action from the San Francisco Superior Court, Small Claims Division. Defendant invoked federal subject matter jurisdiction under 28 U.S.C. § 1331. Because the Court had concerns regarding its subject matter jurisdiction, it ordered Defendant to show cause as to how removal was proper.  (Dkt. No. 8.)  Having reviewed Defendant's response to the Order to Show Cause, the Court concludes that there is no basis for subject matter jurisdiction and REMANDS the action to the San Francisco Superior Court, Small Claims Division.

A defendant may remove an action from state court to federal court so long as the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of citizenship and an amount in controversy in excess of $75,000. Federal subject matter jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United States. A claim "arises under" federal law only if a "well-pleaded complaint" alleges a cause of action based on federal law—"an actual or anticipated defense" does not confer federal jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). The defendant seeking removal "bears the burden of establishing that removal is proper" and the "removal statute is strictly construed against removal jurisdiction." *Provincial

*Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). Further, when a case is removed to federal court, the court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir.

Here, Defendant bases removal on federal question jurisdiction. However, the removed Complaint makes only a state law claim for breach of contract. (Dkt. No. 1-1 at 4.) Defendant's Notice of Removal contends that Plaintiff's claim "implicated 15 U.S.C. § 1681 et seq., the Fair Credit Reporting Act (the "FCRA")—a federal statute" (Dkt. No. 1 at ¶ 7). Plaintiff's Complaint, however, makes no reference to the FCRA. Instead, the Notice of Removal points to "Truist's records" and contends that these records "demonstrate that Plaintiff called Truist in August of 2021 – just one month after the alleged breach of contract occurred – to dispute credit reporting relating to his LightStream account." (*Id.* at ¶ 8.) The Notice of Removal also refers to Plaintiff's subpoena requests as "implicat[ing] LightStream's credit reporting." (*Id.* at ¶ 9.) The Notice of Removal concludes that because "Plaintiff's claim appears to challenge Truist's credit reporting Plaintiff's account, Plaintiff's claims fall under the purview of the FCRA." (*Id.* at ¶ 10.)

The "[w]ell-pleaded complaint" rule requires a federal question to be present on the face of the complaint at the time of removal for federal question jurisdiction to exist. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Following removal, Defendant filed a motion for a more definite statement which concedes that "[t]he only allegation in Plaintiff's Complaint is that Truist committed a breach of contract in July of 2021." (Dkt. No. 5-1 at 3.) In response to the Court's Order to Show Cause, Defendant contends that its "initial investigation" shows that Plaintiff is "seeking to assert" a FCRA claim. (Dkt. No. 10 at 4.) Defendant suggests that Plaintiff engaged in "artful pleading" pleading such that he pled what is essentially a federal claim for violation of the FCRA as a state law claim for breach of contract. Defendant's argument is not well-taken. "[U]nder the artful pleading rule a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *JustMed, Inc. v. Byce*, 600 F.3d 1118, 1124 (9th Cir. 2010) (internal citation and quotation marks omitted). Defendant has shown no basis for its claim that Plaintiff's small claims breach of contract action seeking $9,000 in damages in fact arises under the FCRA. As such, Defendant has not met its burden of demonstrating that removal is proper. *See California ex rel. Lockyer v. Dynegy, Inc.*, 375

F.3d 831, 838 (9th Cir. 2004).

Because Defendant has failed to show a basis for federal subject matter jurisdiction, this matter is REMANDED to the San Francisco Superior Court Small Claims Division.

**IT IS SO ORDERED.**

Dated: April 4, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge